*pective street car passenger.* In an action for damages for personal injuries alleged to be due to defendant running over the heel of plaintiff with the left rear wheel of its wagon while plaintiff was facing and about to enter a pay-as-you-enter street car at a street intersection, where it appeared that there was nothing to prevent the driver of defendant's wagon from seeing plaintiff in time to avoid striking him, evidence *held* sufficient to sustain a finding that defendant was guilty of negligence.

2. ROADS AND BRIDGES, § 239*—*when evidence sufficient to sustain finding that prospective street car passenger struck by wagon not guilty of contributory negligence.* In an action for damages for personal injuries alleged to be due to defendant running over the heel of plaintiff with the left rear wheel of its wagon while plaintiff was facing and about to enter a pay-as-you-enter street car at a street intersection, evidence *held* sufficient to sustain a finding that plaintiff was not guilty of contributory negligence.

---

## Al. V. Booth, trading as Al. V. Booth & Company, Appellee, v. R. W. Hartwig, Appellant.

### Gen. No. 22,413.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Appeal dismissed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Al. V. Booth, trading as Al. V. Booth & Company, plaintiff, against R. W. Hartwig, defendant. After a judgment for plaintiff and appeal by defendant, plaintiff filed a motion to dismiss the appeal bond.

CHARLES J. TRAINOR and E. H. MORRIS, for appellant.

GEORGE D. SMITH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCIX 39

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 671*—*when court loses jurisdiction to extend time to file appeal bond.* When the time for filing an appeal bond has expired without any extension of time during the term, or within the time originally allowed, the trial court loses jurisdiction to extend the time.

---

### Henry H. Walker, Appellee, v. Chicago, Madison & Northern Railroad Company, Chauncey J. Jones and John Boomer, Executors and Trustees under the Last Will and Testament of Nelson A. Steele, Deceased, Appellants.

### Gen. No. 20,926.

1. MORTGAGES, § 497*—*when presumed that purchasers of property received benefit of amount of note secured by trust deed being foreclosed.* Where a surety on a note secured by a trust deed purchased such note and trust deed and obtained an assignment of the right to maintain pending foreclosure proceedings, *held*, on a supplemental bill to foreclose the trust deed, that as defendants, who had obtained their titles to the premises through various sheriff's deeds, bankruptcy proceedings and tax titles, had obtained these titles long after the trust deed was placed of record it must be presumed that they, in every instance, except as to the tax deeds, got the benefit of the amount of the note.

2. PRINCIPAL AND SURETY, § 83*—*what is extent of liability of purchasers of property to surety purchasing note and trust deed.* Where property is purchased with knowledge that a note secured by trust deed, from personal liability on which the principal and surety have been discharged in bankruptcy, still remains unsatisfied in part, such purchasers are liable for the balance due under the note and trust deed, to the surety who purchases the note and trust deed from the owners and secures an assignment authorizing the carrying on of pending foreclosure proceedings, although the surety had already received more than he paid for the note.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.